# CIRCUIT COURT OF SPOTSYLVANIA COUNTY

Jay B. Justice

v.

Commonwealth of Virginia et al.

February 21, 1997

Case No. CL96-519

BY JUDGE WILLIAM H. LEDBETTER, JR.

In this case, an habitual offender has petitioned the court for a restricted driving permit less than three years after he was declared an habitual offender, but he claims credit for the preajudication period during which his license was administratively revoked by DMV.

## Facts

The petitioner (Justice) was adjudicated an habitual offender in Orange County Circuit Court on November 8, 1995. The adjudication was based on the following predicate offenses: (1) a 1985 DWI conviction in Prince William County, (2) a 1990 conviction for driving on a suspended license in Prince William County, and (3) a 1993 DWI conviction in Prince William County.

As a result of the 1993 DWI conviction, Justice's license was revoked for one year. The revocation expired July 30, 1994. On June 26, 1995, his license was suspended indefinitely for failure to pay fines. Less than five months later, as noted above, he was adjudicated an habitual offender.

Justice filed this petition on December 31, 1996, seeking a restricted driving permit under Virginia Code § 46.2-360(2).

The Commonwealth of Virginia filed a motion to dismiss on the ground that three years have not elapsed since Justice's adjudication and that he cannot receive credit for the time his license was administratively revoked.

The court conducted a hearing on February 18, 1997, and took the matter under advisement.

## Decision

A person may be declared an habitual offender by a court or DMV, pursuant to prescribed procedures, when he has accumulated three or more convictions of offenses listed in Virginia Code § 46.2-351. Thereafter, he is prohibited from driving a motor vehicle for a period of ten years *and* until his license is restored by a court. Virginia Code § 46.2-356.

Nevertheless, under certain circumstances, an habitual offender can petition the circuit court for restoration of his driving privilege within the ten-year period. Relevant to this case, Virginia Code § 46.2-360 governs the rights and procedures applicable to an early restoration.

Pursuant to Virginia Code § 46.2-360(2), a person who has been found to be an habitual offender where that adjudication was based in whole or in part upon DWI convictions may petition the court for a restricted permit "provided that three years have elapsed from the date of the [habitual offender adjudication] order ... ." In Justice's case, the three-year period elapses on November 7, 1998.

However, the statute also provides:

> In the computation of the [three-year period] ... such person shall be given credit for any period his driver's license was administratively revoked under § 46.2-391 prior to the [habitual offender adjudication] ... .

Justice relies on that proviso. He acknowledges that three years have not elapsed since his habitual offender adjudication, but he contends that he is entitled to credit for the time his license was administratively revoked by DMV prior to that adjudication.

The fallacy in Justice's argument is that his license was *not* administratively revoked under § 46.2-391. That statute requires a three-year license revocation when a person is "adjudged to be a second offender" of the DWI statute within a ten-year period, and an indefinite revocation when a person is "adjudged to be a third offender" within a ten-year period. Those revocations are handled administratively by DMV. There is no discretion.

Here, Justice was never "adjudged to be a second offender" or "adjudged to be a third offender." His license was never administratively revoked for a three-year period or indefinitely under § 46.2-391. Instead, his license was

revoked in 1993 for only a one-year period under § 46.2-389 as a consequence of his 1993 DWI conviction. Later, in 1995, his license was suspended for failure to pay fines under § 46.2-395. Therefore, the proviso in § 46.2-360 does not apply.

For the foregoing reason, the petition must be denied.

(Even if the court had discretion, granted to it by the legislature, to apply the proviso in computing Justice's three-year waiting period, such a computation would not entitle him to a restricted license. As noted above, his license was administratively revoked in 1993 for one year. Thus, giving him credit for that one year would mean that his three-year waiting period would elapse on November 7, 1997, instead of November 7, 1998. Surely, Justice cannot be heard to claim credit for the indefinite suspension period that was imposed in 1995 for his failure to pay fines. He could have remedied that suspension at any time by paying the fines and applying for reinstatement.)

### Conclusion

The proviso in § 46.2-360 does not apply in computing Justice's three-year habitual offender waiting period before he may obtain a restricted license because his license was never administratively revoked under § 46.2-391. The statute is clear and specific and gives the court no discretion in the matter. Accordingly, the Commonwealth's motion to dismiss will be granted, and the petition will be dismissed.